# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HARRIS, ) | 1:11cv01553 LJO DLB |
| Plaintiff, ) | |
| v. ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |
| DONALD O'KEEFE; and ) U.S. MARSHAL, ) | |
| Defendants. ) | |

Plaintiff Christopher Harris ("Plaintiff") is a federal prisoner appearing pro se and in forma pauperis with a petition requesting relief pursuant to 28 U.S.C. §§ 2007, 3201 and 3569. Plaintiff filed a First Amended Complaint on September 19, 2011. He also has filed a motion for leave to make a deposit with the Court.

**DISCUSSION**

A.   Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to

1

amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

B.      Plaintiff's Allegations

Plaintiff is a federal prisoner.  By his First Amended Complaint, Plaintiff requests that the Court (1) deposit a promissory note for $8,000,000.00, (2) order the U.S. Marshal to discharge a $4,000,000.00 criminal fine, and (3) order the U.S. Marshal to return Plaintiff to his domicile of choice.

Plaintiff explains that in October 1999 he was convicted and sentenced for violation of 21 U.S.C. §§ 841(2) and 846.  He also was fined $4,000,000.000 pursuant to 21 U.S.C. § 841(b).  First Amended Complaint, p. 3.  Plaintiff contends that he delivered personal property to Defendant Donald M. O'Keefe, a U.S. Marshal for the Northern District of California, as satisfaction of his debt.  Plaintiff appears to request mandamus relief to discharge his criminal sentence pursuant to 28 U.S.C. § 2007.

C.      Analysis

Plaintiff seeks to void his sentence by claiming relief under 28 U.S.C. § 2007, which provides:

> (a) A person shall not be imprisoned for debt on a writ of execution or other process issued from a court of the United States in any State wherein imprisonment for debt has been abolished. All modifications, conditions, and restrictions upon such imprisonment provided by State law shall apply to any writ of execution or process issued from a court of the United States in accordance with the procedure applicable in such State.
>
> (b) Any person arrested or imprisoned in any State on a writ of execution or other process issued from any court of the United States in a civil action shall have the same jail privileges and be governed by the same regulations as person confined in like cases on process issued from the courts of such State. The same requirements governing discharge as are applicable in such State shall apply. Any proceedings for discharge shall be conducted before a United States magistrate judge for the judicial district wherein the defendant is held.

Plaintiff appears to claim that upon deposit of a promissory note he will be imprisoned for a debt, which is disallowed in § 2007(a).  Plaintiff believes that his criminal sentence is a debt for purposes of 28 U.S.C. § 2007.  He also believes that after depositing a promissory note or otherwise satisfying his monetary debt he should be released from prison.  Plaintiff is mistaken.

1  He is not imprisoned for a civil debt.  He is serving a criminal sentence for his conviction and
2  payment of his debt does not discharge his sentence.  His arguments to the contrary are
3  unpersuasive and must be rejected.

**RECOMMENDATION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim for which relief can be granted.

These Findings and Recommendations will be submitted to the Honorable Lawrence J. O'Neill pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Fed. R. Civ. P. 72(b); Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 26, 2011**                    /s/ **Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE