# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HARRIS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DONALD O'KEEFE; and<br>U.S. MARSHAL,<br><br>　　　　　　Defendants. | 1:11cv01553 LJO DLB<br><br>FINDINGS AND RECOMMENDATIONS REGARDING APPLICATION FOR WRIT OF HABEAS CORPUS AND MOTION FOR PRELIMINARY INJUNCTION<br>(Documents 18 and 19) |

Plaintiff Christopher Harris ("Plaintiff") is a federal prisoner appearing pro se and in forma pauperis with a petition requesting relief pursuant to 28 U.S.C. §§ 2007, 3201 and 3569. Plaintiff filed a First Amended Complaint on September 19, 2011. On September 27, 2011, the Court issued Findings and Recommendations that the action be dismissed for failure to state claim for which relief can be granted.

Pending before the Court are Plaintiff's application for writ of habeas corpus filed on September 29, 2011, and Plaintiff's motion for preliminary injunction filed on October 3, 2011.

## I.   Application for Writ of Habeas Corpus

Plaintiff's application for writ of habeas corpus asserts the same allegations as those in his First Amended Complaint. In summary, Plaintiff requests an order requiring the U.S. Marshal to accept a promissory note in satisfaction of his criminal judgment and return him to his domicile of choice.

As a practical matter, Plaintiff is pursuing an action against a U.S. Marshal. Lawsuits against federal officials for constitutional deprivations that occur under color of federal law are actionable pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). However, a federal prisoner challenging the execution of his sentence must bring a habeas petition, not a Bivens action for civil rights violations. Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991). Plaintiff may not challenge his custody in the instant Bivens action. Plaintiff's sole remedy is to file a separate petition for writ of habeas corpus.

Further, as with his First Amended Complaint, Plaintiff claims relief under 28 U.S.C. § 2007, which provides:

> (a) A person shall not be imprisoned for debt on a writ of execution or other process issued from a court of the United States in any State wherein imprisonment for debt has been abolished. All modifications, conditions, and restrictions upon such imprisonment provided by State law shall apply to any writ of execution or process issued from a court of the United States in accordance with the procedure applicable in such State.
>
> (b) Any person arrested or imprisoned in any State on a writ of execution or other process issued from any court of the United States in a civil action shall have the same jail privileges and be governed by the same regulations as person confined in like cases on process issued from the courts of such State. The same requirements governing discharge as are applicable in such State shall apply. Any proceedings for discharge shall be conducted before a United States magistrate judge for the judicial district wherein the defendant is held.

Plaintiff believes that his criminal sentence is a debt for purposes of 28 U.S.C. § 2007. He also believes that after depositing a promissory note or otherwise satisfying his monetary debt he should be released from prison. Plaintiff is mistaken. He is not imprisoned for a civil debt. As Plaintiff indicates in his complaint, he is serving a criminal sentence for his conviction and payment of his debt does not discharge his sentence.

Based on the above, the Court RECOMMENDS that Plaintiff's application for writ of habeas corpus be DENIED.

**II.      Motion for Preliminary Injunction**

Plaintiff seeks a preliminary injunction to discharge a $4,000,000 "tax lien" and return him to the domicile of his choice. "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376

1  (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is
2  likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of
3  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the
4  public interest."  Id. at 374 (citations omitted).  An injunction may only be awarded upon a *clear*
5  *showing* that the plaintiff is entitled to relief.  Id. at 376 (citation omitted) (emphasis added).

6        Federal courts are courts of limited jurisdiction and in considering a request for
7  preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it
8  have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
9  S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church
10 and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an
11 actual case or controversy before it, it has no power to hear the matter in question.  Id.  "[The]
12 triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-
13 controversy requirement, and the party invoking federal jurisdiction bears the burden of
14 establishing its existence."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118
15 S.Ct. 1003 (1998).

16       At this stage in the proceedings, Plaintiff has not stated any claims for relief which are
17 cognizable under federal law.  As a result, the Court has no jurisdiction to award any preliminary
18 injunctive relief.  Further, Plaintiff will be unable to cure the deficiencies in his complaint.
19 Therefore, the Court RECOMMENDS that Plaintiff's motion for preliminary injunctive relief be
20 DENIED.

21                              **RECOMMENDATION**

22       For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiff's application
23 for writ of habeas corpus and his motion for preliminary injunction be DENIED.  These Findings
24 and Recommendations will be submitted to the Honorable Lawrence J. O'Neill pursuant to the
25 provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with
26 these findings and recommendations, Plaintiff may file written objections with the Court.  Fed. R.
27 Civ. P. 72(b); Local Rule 304(b).  The document should be captioned "Objections to Magistrate
28 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within

1 | the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
2 | F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   Dated: __October 4, 2011__          _____/s/ Dennis L. Beck_____
                                        UNITED STATES MAGISTRATE JUDGE